NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

LENA LEVINSON, PETITIONER, v. I. H. ALBERT, RESPONDENT.

Decided October 4, 1939.

For the petitioner, *Isserman & Isserman.*

For the respondent, *Edwin Joseph O'Brien.*

\*    \*    \*    \*    \*    \*    \*

On September 20th, 1939, the petitioner, Lena Levinson, testified that while employed as a housekeeper and cook for the respondent that one Minnie Lee Roberts was brought to her by her employer and told that she was the girl that was to do certain work about the house. The petitioner testified that as the result of Miss Roberts going upstairs and doing her work and coming down later and saying that she was all through that the petitioner went upstairs and saw that the work was not done properly. She said that thereupon Minnie Lee Roberts said she was quitting and wouldn't work there

any more. The petitioner then stated that without any further argument or discussion or any acrimonious conversation that Minnie Lee Roberts, who weighed over two hundred pounds, jumped on her, grabbed her by the throat and threw her over a desk. When cross-examined by the respondent's attorney as to whether or not the real fact of the matter was that she had argued with Minnie Lee Roberts about using the telephone, she said no, there was no such argument at all, and on another occasion the petitioner said she didn't remember, but, she was certain of one thing, that the assault was utterly unprovoked and that there was no argument or discussion before it took place.

On the 22d of September the respondent produced Minnie Lee Roberts, who certainly did not weigh anything like two hundred pounds. Minnie Lee Roberts stated in her testimony that she weighed one hundred and sixty-odd pounds and that she had quit on this particular day after finishing the work upstairs and that she asked for her pay from the petitioner. The petitioner refused to pay her so therefore she, Minnie Lee Roberts, said she would wait for the return of her employer. In the meantime she asked for permission to use the 'phone and stated that when she went to use the 'phone the petitioner came over and shoved her away roughly and that when the petitioner did that she turned around and slapped the petitioner in the face and a regular scuffle ensued.

The petitioner was then put on the stand to rebut the testimony of the respondent's witness and her story when placed upon the stand on the 22d brought out a number of things which she claimed she had no knowledge on the 20th and her story did not agree with the story told when she was on the stand on the 20th.

The other jurisdictional facts were admitted in the case but it was unnecessary for me to go into them at this time, because I am convinced and I do find that from the testimony of the petitioner and her two appearances on the stand and the testimony of the respondent's witnesses, after observing the witnesses and listening to their testimony and watching their demeanor on the stand, that the altercation was a purely personal altercation between two servants in the household

and did not in any way constitute an accident arising out of and in the course of petitioner's employment with respondent.

For this reason judgment is entered for the respondent and petition is hereby dismissed.

JOHN C. WEGNER,
*Deputy Commissioner.*